DENNIS MAHER, RESPONDENT, v. THE HIBERNIAN INSURANCE COMPANY OF OHIO, APPELLANT.

*Insurance — when property is examined by the agent — erroneous description — Conversation between agent and insured person*

Where no written application for insurance is made, but the agent of the insurance company examines the property insured, and, with full knowledge of the facts, draws up the policy of insurance, errors in the statements of the policy, as to the occupancy of the property, do not constitute a defense to an action brought to enforce it.

Evidence of the conversation between the insured and the agent of the insurance company, is admissible for the purpose of showing that the description was not that of the insured.

APPEAL from a judgment for the plaintiff, on the verdict of a jury, and from an order denying a motion for a new trial, in an action on a policy of insurance.

*Matthew Hale,* for the appellant.

*A. J. Colvin,* for the respondent.

BOARDMAN, J.:

The property insured, is claimed by the defendant, to have been pointed out by plaintiff to its general agent while the policy was in force, and to have been a different property from that burned. Upon the evidence given by the general agent it is urged that plaintiff is estopped from maintaining this action.

The plaintiff, however, contradicts the general agent of the defendant in this respect. Here was a conflict of evidence which was fairly submitted to the jury, and its verdict is conclusive.

The property burned was described in the policy as a double, framed building, " occupied as a dwelling." That is claimed by the defendant to be a warranty on the part of plaintiff that it was so occupied. In fact, it was partly occupied as a grocery, and for the sale of ale and liquors, and known as the Hibernian House. Was this description a warranty, and did the fact last stated constitute a breach of the warranty ?

The evidence tends to show, and the verdict of the jury determines, that the agent of the defendant personally examined the premises for the purpose of this insurance ; that such agent knew of this use of a part of the premises; that his attention was specially called to the fact; that he asserted it was of no consequence, and that it did not materially increase the risk; that such agent, after such survey, wrote the policy and delivered it to plaintiff; that plaintiff made no written application, and gave no description of the property to be insured, and that after the policy was issued the plaintiff again called the attention of the agent to the defective description, and was again told by the agent that it made no difference. If, therefore, there were any misdescriptions or errors of statement, they must be imputed to the defendant, in the absence of fraud on the part of plaintiff. The defendant knew all the facts, and drew its own contract. It is therefore estopped from setting up its own mistakes as a defense to this action. (*Rowley* v. *Empire Ins. Co.*, 36 N. Y., 550 ; *Bodine* v. *Exchange Fire Ins. Co.*, 51 id., 121 ; *Owens* v. *Holland Purchase Ins. Co.*, 56 id., 565 ; *Insurance Co.* v. *Wilkinson*, 13 Wallace, 222.)

The act of the agent is the act of the company ; his knowledge of facts is also the knowledge of the company. (*Bodine* v. *Exch.*

*Fire Ins. Co.,* and *Ins. Co.* v. *Wilkinson, ante; Van Schoick* v. *Niagara Fire Ins. Co.,* decided at this term.)

Applications were signed by the insured, or the company had no knowledge of the property described in the policy, in the cases cited by defendant's counsel and holding a different rule.

The evidence of conversations, and of what occurred between plaintiff and defendant's agent, was competent for the purpose of showing, that the description was not plaintiff's, and that it was in no respect his mistake, fraud or misdescription. (*Ins. Co.* v. *Wilkinson,* 13 Wallace, 222.) Besides, the same facts were proved without objection or exception by the agent Kernan.

· The defendant also claims that the proofs of loss made by plaintiff were false, in not showing in what manner the building insured and the several parts thereof were occupied at the time of the loss. The preliminary proofs of loss showed this building was occupied as a dwelling-house. Any fraud or false swearing in such proofs of loss, forfeits the policy by its conditions. I have looked through the evidence and failed to find any proof that the building was occupied at the time of the fire as a grocery or liquor store. In the absence of such proof, the point was not well taken upon the motion for a nonsuit.

Nor do I see that any such defense is interposed. If the policy was forfeited, by reason of false swearing or fraud, on the part of plaintiff in making his preliminary proofs of loss, that constituted an affirmative defense, which should have been pleaded in the answer. A neglect to do so was a waiver; no such issue is made by the complaint and answer, nor was the question, apparently, raised by evidence upon the trial. For these reasons, I think the motion for a nonsuit upon this point was properly denied.

The other grounds upon which the motion for a nonsuit was made, have already been considered and not sustained.

Upon the whole case it is not apparent, that any error exists to .the prejudice of the defendant, and the judgment and order must therefore be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.